IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

TAMI BRUIN, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

NO. 3:22-cv-00140-MOC-DSC

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court by stipulation of defendant Bank of America, N.A. ("Defendant") and plaintiff Tami Bruin ("Plaintiff") for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either Defendant or Plaintiff (each a "Party" and collectively the "Parties") and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Order").

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order is being entered into to facilitate the production, exchange, and discovery of documents and information that any Party or non-party believes in good faith merit confidential treatment. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order.

    1.    Any Party may designate any documents, deposition testimony, interrogatory responses and other information produced or made available by a Party in disclosure in this action, whether pursuant to Court order or formal or informal request ("Disclosure Material"), as

"Confidential." Confidential information shall consist of Disclosure Material that contains or references any proprietary business information, competitively sensitive information, or trade secrets contained and any other non-public information, which, in the good faith judgment of the Party making the designation, would be detrimental if disclosed ("Confidential Information"). Information shall be deemed "Confidential Information" when a Party marks the first page of a document "Confidential," or when a Party provides written notice that a document (or part of a document) is "Confidential."

2. The failure to initially designate any Disclosure Material as Confidential Information shall not affect the ability of a Party to go back and subsequently designate the material as Confidential Information.

3. All protections and procedures applicable under this Order apply to the Confidential Information.

4. Confidential Information shall not be delivered, disclosed, or disseminated except to a "Qualified Person," defined as follows:

  a. the Parties' outside counsel in this action, including their attorneys and any employee or independent contractor assisting counsel in this action;

  b. a party, including in the case of corporate parties, its directors and officers, and employees who are involved in and designated to assist counsel in this action;

  c. experts, including non-testifying experts, who are assisting counsel in the preparation of this action and who are not employees of a Party, including their assistants and stenographical, secretarial, or clerical personnel;

  d. any person as to whom the designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto;

e.  a witness at any deposition or other proceeding in this action, and counsel for that witness, if any;

f.  non-technical jury or trial consulting services retained by counsel;

g.  document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain, and/or operate computer systems, litigation databases, or convert data for inclusion in such databases;

h.  any videographer, court reporter, or typist recording or transcribing any testimony or deposition;

i.  court personnel; and

j.  as to any specific document, any person who is identified on the face of the document as an author, addressee, or recipient of the document.

5. Persons identified in Paragraphs 4.c. – f. inclusive, who receive Confidential Information, shall be provided by the Party disseminating such information to them with a copy of this Order and shall execute a declaration, in substantially the form attached hereto as Exhibit A, prior to receipt of any Confidential Information, affirming that they have reviewed such Order and agree to be bound by it. A copy of such declaration shall be provided to counsel for the other Party within ten business days of execution. The original of each declaration shall be retained, until the conclusion of this action including all appeals, by counsel for each Party who intends to or does disclose to such individual any Confidential Information.

6. All Disclosure Material and all transcripts of testimony and copies of court-filed papers consisting of or containing Confidential Information and notes or other records regarding the contents thereof shall be kept at all times only in the custody of counsel for the Party, except when actually being used by other Qualified Persons in connection with this action.

7. Counsel for any Party may designate as Confidential Information that part of a deposition transcript that discloses or discusses Confidential Information by making a statement to that effect for inclusion in the deposition transcript at or prior to the conclusion of a deposition and/or by notifying the other Party in writing of the designation within ten business days after receipt by that Party of the deposition transcript.

8. Any Party shall have the right to challenge the designation of any Disclosure Materials as Confidential Information in writing, stating with specificity the document, deposition transcript, other material or portion thereof which the challenging Party believes has been improperly designated as confidential, and stating with specificity the reasons for such challenge. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court no sooner than ten business days following the service of a written notice of disagreement. Until there is a determination by the Court, the Disclosure Material at issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating Party that the material constitutes or contains a trade secret or other confidential information.

9. Any non-party who produces documents during the course of this action who agrees to be bound by this Order by executing a declaration in substantially the form attached hereto as Exhibit A may designate Disclosure Material as Confidential with the protections of this Order.

10. Nothing contained herein shall operate to prevent a Party from disclosing its own Confidential Information as it deems appropriate or shall preclude any other Party from disclosing

or using information contained in Confidential Information if, and to the extent it is obtained from another, non-confidential source.

11.     Upon final termination of this action, the receiving Parties shall destroy all copies of all Disclosure Materials embodying Confidential Information, including all copies of those materials that were so designated and provide written confirmation to the other Party that such destruction has taken place. Each Party's counsel may retain one copy of Confidential Information that is annexed or attached to any pleading, but otherwise shall either destroy all materials containing or referencing Confidential Information or return such materials to the producing Party. Counsel for the Parties shall ensure that their clients, witnesses, advisors, and consultants have complied with this provision.

12.     The provisions of this Order shall survive the conclusion of this action. Nothing contained herein shall constitute a waiver of the right to assert any objection to a demand for disclosure; nor shall anything contained herein prevent disclosure beyond the terms of this Order if the producing Party consents in writing to such disclosure, or limit or prejudice the right of any Party, after reasonable attempts to resolve the dispute informally and thereafter on ten days prior written notice, to seek a Court order broadening or restricting the rights of access to or use of Confidential Information, or for other modifications of this Order.

13.     Any Party or person receiving Confidential Information covered by this Order that receives a subpoena or becomes subject to an order for production or disclosure of Confidential Information shall, within five business days of receipt thereof and/or sufficiently in advance to allow the source to assert their rights, give written notice by facsimile or electronic transmission to the source of the Confidential Information identifying the information sought and attaching a copy of the order, subpoena, or other legally-mandated request. The person subject to the subpoena, request, or order of any court, arbitrator, attorney, government agency, or like entity

shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a timely motion or other application for relief from the subpoena or other request in the appropriate form.

14. If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon being advised by the producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving Party or Parties will promptly take reasonable steps to locate and return or destroy all copies of any such document and any such document shall, in any event, not thereafter be used for any purpose, unless adjudicated not to be privileged. Nothing in this provision shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

15. Any pleading submitted to the Court that contains or references Confidential Information shall, to the extent permitted by applicable court procedures be filed under seal, with a redacted version not disclosing Confidential Information to be filed publicly. Nothing contained here shall preclude or restrict the offering of any Confidential Information as evidence at any trial or hearing of this matter, but any Party intending to refer to or introduce Confidential Information at any hearing or trial shall make that fact known to the Party designating the Confidential Information in advance, so that application can be made for appropriate relief, if the designating Party considers that appropriate.

16. Any Party may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

**SO ORDERED.**

Signed: November 16, 2022

David S. Cayer
United States Magistrate Judge

WE SO STIPULATE THIS 9TH DAY OF NOVEMBER, 2022.

| | |
|---|---|
| *s/ David M. Wilkerson* | *s/ Bradley R. Kutrow* |
| David M. Wilkerson | Bradley R. Kutrow |
| NC State Bar No. 35742 | NC State Bar No. 13851 |
| Larry McDevitt | Tanisha Reed |
| NC State Bar No. 5032 | NC State Bar No. 51281 |
| The Van Winkle Law Firm | Alexander Keith |
| 11 North Market Street | NC State Bar No. 57953 |
| Asheville, NC 28801 | McGuireWoods LLP |
| (828) 258-2991 | 201 North Tryon Street, Suite 3000 |
| dwilkerson@vwlawfirm.com | Charlotte, NC 28202-2146 |
| lmcdevitt@vwlawfirm.com | (704) 343-2000 |
| | bkutrow@mcguirewoods.com |
| | treed@mcguirewoods.com |
| | akeith@mcguirewoods.com |
| | |
| Scott Edelsberg (*pro hac vice* forthcoming) | Allison J. Schoenthal (admitted *pro hac vice*) |
| Christopher Gold (*pro hac vice* forthcoming) | Robin L. Muir (admitted *pro hac vice*) |
| Edelsberg Law, P.A. | Goodwin Procter LLP |
| 20900 NE 30th Ave., Suite 417 | The New York Times Building |
| Aventura, FL 33180 | 620 Eighth Avenue |
| (786) 289-9471 | New York, NY 10018 |
| scott@edelsberglaw.com | (212) 813-8800 |
| chris@edelsberglaw.com | aschoenthal@goodwinlaw.com |
| | robinmuir@goodwinlaw.com |
| | |
| | *Attorneys for Defendant Bank of America, N.A.* |

Andrew Shamis (admitted *pro hac vice*)
Edwin Elliot (admitted *pro hac vice*)
Shamis & Gentile, P.A.
14 N.E. 1st Ave. St. 1205
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com
edwine@shamisgentile.com

Sophia Gold (admitted *pro hac vice*)
Jeffrey D. Kaliel (*pro hac vice* forthcoming)
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

*Attorneys for Plaintiff and the Putative Class*

# EXHIBIT A

# DECLARATION

_____, being duly sworn, deposes and says:

1. I live at _____,
_____.

2. I am employed as (state position) _____ by (state name and address of employer) _____.

3. I am aware that the Court has entered a Stipulated Protective Order in the civil action entitled: *Tami Bruin v. Bank of America, N.A.*, Case No. 3:22-cv-140. I have received and read a copy of that Stipulated Protective Order.

4. I agree that I will be bound by the terms of the Stipulated Protective Order as though I were a party to the litigation, and I will not disclose or discuss material produced by any party to or with any person other than those permitted access to such material under the Confidentiality Agreement.

_____ (Signature)

Sworn to before me this
_____ day of _____, 2022.

_____ Notary Public (SEAL)

_____ Notary Expires