UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-140-MOC

TAMI BRUIN, on behalf of herself and all
others similarly situated,

        Plaintiff,

    v.

BANK OF AMERICA, N.A.,

        Defendant.

**ORDER**

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, APPROVING FORM
OF NOTICE, DIRECTING DISSEMINATION OF NOTICE, AND
SCHEDULING FINAL FAIRNESS HEARING**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of the Settlement and

Certification of the Settlement Class (the "Motion") (Doc. No. 42) and pursuant to Federal Rule

of Civil Procedure 23

**IT IS HEREBY ORDERED THAT:**

1.      The Settlement Agreement ("Settlement")[1] is preliminarily approved as fair,

reasonable, and adequate. The Settlement appears to be the product of arm's-length negotiations

between Class Counsel and counsel for Bank of America, N.A. ("BANA"). The Settlement was

reached after mediation facilitated by Judge Diane Welsh (Ret.), and was preceded by almost three

years of active litigation by both sides. The parties also engaged in extensive discovery, including

---

[1] The definitions and capitalized terms in the Settlement Agreement and Memorandum in
Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and for
Certification of Settlement Class are hereby incorporated as though fully set forth in this Order
and shall have the same meanings attributed to them in those documents.

1

the production of internal documents, the deposition of BANA's corporate representative and the deposition of one of the Plaintiffs.

2.      The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> **ACH First Party Class**: All Accountholders in the United States who, during the Class Period, paid and were not refunded an ACH First Party Fee.

The class period is April 4, 2018, through the date of this Order.

3.      The Court finds, with respect to the Settlement, that the requirements of Rule 23 have been satisfied. In particular, the Court finds that under the Settlement: (a) members of the settlement class are so numerous that joinder would be impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so under the guidance of experienced counsel; (e) common questions of law and fact predominate over questions affecting individual Settlement Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because this action is being settled rather than litigated, the Court concludes that the manageability issues that might arise in a trial of a nationwide class action are not presented here. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).

4.      For the purposes of the Settlement and pursuant to Rule 23(a)(1), the Court finds that Plaintiffs Tami Bruin and Eline Barokas will fairly and adequately represent the interests of their respective Settlement Class. The Court appoints these Plaintiffs as Class Representatives for the purpose of settlement.

5.      For the purposes of the Settlement and pursuant to Rule 23(a)(1), the Court appoints Sophia Gold of KalielGold; Christopher Gold of Edelsberg Law; and Andrew Shamis of Shamis & Gentile as co-lead counsel, and David M. Wilkerson of The Van Winkle Law Firm as liaison counsel.

6.      The Court designates Kroll Settlement Administration LLC as Settlement Administrator to oversee the Settlement Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Settlement that pertain to the Settlement Administrator.

7.      Pursuant to Rule 23(e), the Court preliminarily approves the Settlement as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations; (b) free of collusion; and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

8.      The Court approves, as to form and content, the Settlement Class Notice attached hereto as Exhibit A for the purpose of notifying the Settlement Classes as to the proposed Settlement, the Final Approval Hearing, and the rights of potential class members. The Court finds that the Class Notice is reasonable; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Rule 23. Specifically, the Court finds that the Class Notice complies with Rule 23(e) as it is a reasonable manner of providing notice to Settlement Class Members who would be bound by the Settlement. The Court also finds that the Notice Plan complies with Rule 23(c)(2), as it is the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated under the circumstances to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

3

9.      As soon as possible after the entry of this order, but no later than 60 days after entry of this order, the Settlement Administrator will begin notice to the Settlement Class as provided in the Settlement.

10.     The Class Notices shall be updated by Plaintiffs and/or the Settlement Administrator to identify the Opt-Out and Objection Deadlines of 120 days after the entry of this Order, as well as the date and time of the Final Approval Hearing as set forth below.

11.     Any person falling within the definition of any of the Settlement Class may, upon request, be excluded from the Settlement by submitting to the Settlement Administrator at the physical address listed in the Class Notices, a written, signed, and dated specific affirmative statement that he or she is opting-out of the Settlement and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be postmarked no later than the Opt-Out Deadline; (ii) include the Settlement Class member's name, current postal address, telephone number, and BANA account number(s); and (iii) be personally signed and dated by the Settlement Class member. All persons who timely submit properly completed requests for exclusion shall have no rights under the Settlement and shall not share in the benefits of the Settlement and shall not be bound by the Settlement. Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Settlement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement.

12.     Any person falling within the definitions of the Settlement Class, and who does not opt-out from the Settlement, may object to the terms of the proposed Settlement as reflected in the Settlement, the certification of the Settlement Class, the entry of the Final Approval Order, the Attorneys' Fees and Costs requested by Class Counsel, and/or the amount of the Service Awards

4

requested by Plaintiffs. To be valid and considered by the Court, an objection must state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member in this Action, including evidence that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing or assisting the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three (3) years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court by the date certain as ordered by the Court in the Preliminary Approval Order forty-five days before the Final Approval Hearing and served concurrently therewith upon Class Counsel and BANA's Counsel.

13.     If the objection is made by or through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class Members represented by objector's

5

counsel; (2) the number of such represented Settlement Class Members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class Members who have remained in the Settlement Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and BANA's Counsel, not later than fifteen (15) days before the Final Fairness Hearing or as the Court may otherwise direct, a document containing the following: (i) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (ii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iii) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (iv) the attorney's hourly rate.

14.     Plaintiffs and BANA may file responses to any Objections that are submitted no later than ten (10) days prior to the Final Fairness Hearing. Any Settlement Class Member who timely files and serves an objection in accordance with this Order may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

15.     Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

16.     All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

17.     Upon the entry of this Order, the Class Representatives and Settlement Class Members shall be provisionally enjoined and barred from asserting any claims against BANA arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

18.     This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by BANA of any liability or wrongdoing by BANA or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the assessment of fees on ACH push transfers or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to BANA's assessment of fees on ACH push transfers. BANA may file the Settlement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19.     The Settlement will not become effective unless the Court enters a Final Approval Order. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, BANA shall have the right to terminate the Settlement and will have no further obligations under the Settlement unless BANA waives in writing its right to terminate the Settlement under

7

this section. In addition, if the Settlement becomes null and void, BANA shall not be prejudiced in any way from opposing class certification in the Actions, and Plaintiffs and the Settlement Class members shall not use anything in the Settlement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by BANA. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend the Action in the event that this Settlement does not become final and binding.

20.     The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

21.     Plaintiffs' Motion for Final Approval of the Settlement must include the required and customary filings. In addition, the motion papers shall include:

a.      A declaration evidencing the Settlement Administrator's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice.

b.      A declaration from the Settlement Administrator regarding compliance with its duties under the Settlement and this Order; a copy of the actual Notices (Email, Postcard, and Long Form) sent to the class; and a report on (1) the number of Settlement Class members to whom Email Notice was sent, (2) the number of returned undelivered email notices, (3) the number of Settlement Class members to whom Postcard Notices were initially sent, (4) an explanation of efforts to locate correct addresses for returned undelivered Postcard Notices after the first mailing, (5) the number of notices sent to the

updated addresses in a second mailing, and (6) the number of such notices returned undelivered.

22.    For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

23.    Class Counsel and BANA Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, minor changes to the form or content of the Class Notices, and other exhibits that they jointly agree are reasonable or necessary.

24.    The Final Approval Hearing will be conducted at the U.S. District Court for the Western District of North Carolina, located at 401 West Trade Street, Charlotte, NC 28202 on April 30 2024, at 9:30 a.m.[2] to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in materially the same form as the Parties propose; (c) whether to approve any motion for Attorneys' Fees and Costs and/or any application for Class Representative Service Awards; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Classes. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Classes.

---

[2] The date and time of the Final Approval Hearing is subject to change.

Case 3:22-cv-00140-MOC-WCM    Document 46    Filed 11/17/23    Page 9 of 10

25.     The Parties must file all papers in support of Final Approval of the Settlement and in response to objections to the Settlement on or before 135 days after the date of entry of this Order ("Final Approval Motion Deadline"). Any motion for attorneys' fees and costs and expenses and/or any application for Class Representative Service Awards shall be filed within 90 days of entry of this Order.

26.     The Court hereby sets the following schedule of events, all set from the date of this Order:

| Event | Calendar Days After Entry of This Order | Date |
|---|---|---|
| Begin Disseminating Notice | 60 days | January 16, 2024 |
| Motion for Class Representatives' Service Awards and Attorneys' Fees and Costs Awards | 90 days | February 15, 2024 |
| Opt-Out Deadline | 120 days | March 18, 2024 |
| Objection Deadline | 120 days | March 18, 2024 |
| Motion for Final Approval | 135 days | April 1, 2024 |
| Final Approval Hearing | 165 days (or when convenient for the Court) | April 30, 2024 (subject to change) |

**SO ORDERED.**

Signed: November 17, 2023

Max O. Cogburn Jr.
United States District Judge