| | |
|---|---|
| TAMI BRUIN and ELINE BAROKAS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | ORDER |

  **THIS MATTER** is on Plaintiffs' Unopposed Motion for Final Approval of Class Action ("Action") Settlement ("Settlement") (Doc. No. 50). The motion is **GRANTED**, and the Court enters the following **ORDER** and **FINDINGS**:

  WHEREAS, Plaintiffs have submitted to the Court the Unopposed Motion for Final Approval of Class Action ("Action") Settlement ("Settlement");

  WHEREAS, on November 17, 2023, the Court entered a Preliminary Approval Order which, *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the settlement only, the Action should proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (iii) appointed Plaintiffs as Class Representatives; (iv) Sophia Gold of KalielGold; Christopher Gold of Edelsberg Law; and Andrew Shamis of Shamis & Gentile as co-lead counsel, and David M. Wilkerson of The Van Winkle Law Firm as liaison counsel; (v) approved the form and manner of the Notice Plan; and (vi) set a hearing date to consider Final Approval of the Settlement;

1

WHEREAS, Notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual email and/or mailings to all persons in the Settlement Class who could be reasonably identified;

WHEREAS, on April 30, 2024, at 9:30 a.m., U.S. District Court for the Western District of North Carolina, located at 401 West Trade Street, Charlotte, NC 28202, this Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the application of Class Counsel for attorneys' fees and costs for Service Awards for the Class Representatives; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, proceedings in the Action, and arguments of counsel, and being otherwise fully advised,

IT IS HEREBY ORDERED as follows:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

2

Case 3:22-cv-00140-MOC-WCM   Document 51   Filed 05/14/24   Page 2 of 7

5. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered (1) that there were no objections to the Settlement, (2) the small number of opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and (3) the opinion of competent counsel concerning such matters.

6. The distribution plan proposed by the Parties is fair, reasonable, and adequate.

7. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

8. A list of the individuals who have opted out of the Settlement is attached hereto as **Exhibit A**. Those individuals will not be bound by the Settlement or the Releases contained therein.

9. Because the Court approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement Agreement.

10. All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

11. The appointment of the Plaintiffs Tami Bruin and Eline Barokas as Class Representatives is affirmed.

12. The appointment of Sophia Gold of KalielGold; Christopher Gold of Edelsberg Law; and Andrew Shamis of Shamis & Gentile as co-lead counsel, and David M. Wilkerson of The Van Winkle Law Firm as liaison counsel is affirmed.

13. The Court affirms the finding that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class members; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class members; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them; (5) the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

14. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

15. The Releasing Parties hereby fully and irrevocably release and forever discharge as of the Effective Date, and in exchange for the relief described in the Settlement, the Class Representatives and each Settlement Class Member who did not validly opt out of the Settlement, and each of their respective heirs, executors, administrators, trustees, guardians, agents, successors, and assigns, and all those acting or purporting to act on their behalf, fully and finally release and discharge the Released Parties of and from the Released Claims. The Released Claims are dismissed with prejudice and released regardless of whether these claims are known or Unknown Claims, actual or contingent, liquidated or unliquidated.

16. If, consistent with the plan of distribution set forth in the Settlement Agreement, any Residual Funds exist after the first distribution, the residue will go to Settlement Class Members by way of a secondary distribution, if economically feasible. Otherwise, the residue will go to an appropriate *cy pres* recipient, either a consumer protection or financial services charity, to be decided by the Court.

17. The Court hereby decrees that neither the Settlement Agreement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

18. Class Counsel is awarded attorneys' fees in the amount of $2,666,667 and costs in the amount of $47,747.85, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. The Class Representatives are awarded Service Awards totaling $10,000, such amount to be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

21. In the event that the Effective Date of the Settlement Agreement, does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Settlement Agreement.

22. With the exception of those listed on Exhibit A, the Court adjudges that the Class Representatives and all Settlement Class Members shall be bound by this Final Approval Order.

23. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Signed: May 14, 2024

Max O. Cogburn Jr
United States District Judge

# EXHIBIT A

## Exclusion List

| Count | Reference Number | First Initial | Last Name |
|---|---|---|---|
| 1 | 77904CMFXW8JW | C. | PIKE |
| 2 | 77904CT2F2C9T | L. | ROBERTSON |
| 3 | 77904CMNRQ0KW | N. | LAZARUS |
| 4 | 77904CGZV7K8F | R. | FULMER |
| 5 | 779047Z66W8N4 | R. | BUTLER |
| 6 | 779043PPMWSTP | S. | HOWSE |
| 7 | 77904CJ97TGVM | S. | PATIL |
| 8 | 7790475M55X7B | S. | TAKAGI |
| 9 | 77904BD1JQS2M | W. | BANES |
| 10 | 77904CGGRJ31Z | C. | WONG |
| 11 | 77904CXNNBX0B | B. | O'NEILL |